## BOARD OF COM'RS OF CUSTER COUNTY v. LAWTER.

No. 7212.   Opinion Filed July 25, 1916.

(159 Pac. 289.)

**JUDGES—Compensation—Statutory Provisions.** The salary of the judge of the superior court of Custer county was governed by section 28 of the General Fee and Salary Bill (Laws 1910, c. 69), which provides: "The judge of the superior court of each county shall receive as full compensation the following sa'ary: In counties having a population of not to exceed 50,000 the sum of $2,800 per annum; and in counties in excess of 50,000 population the sum of $3,000 per annum."

(Syllabus by the Court.)

*Error from District Court, Custer County;*
*T. A. Edwards, Judge.*

Action by J. W. Lawter against the Board of County Commissioners of the County of Custer. Judgment for plaintiff, and defendant brings error. Affirmed.

*A. E. Darnell,* for plaintiff in error.

*Chas. T. Randolph,* for defendant in error.

KANE, C. J.   This was an action in mandamus, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below. The petition alleges, in effect, and it was admitted by an agreed statement of facts, that the plaintiff was elected to the office of judge of the superior court of Custer county in November, 1910, and took his office and qualified in January, 1911, since which date he has been and is now, the duly elected, qualified, and acting judge of said superior court. That the defendants are the board of county commissioners of Custer county; that Custer county has a population of not exceeding fifty thousand, and the salary fixed by the

general fee and salary law, as compensation for the judges of the superior courts in such counties, is $2,800 per year. That, during the time said plaintiff has been judge of said court, he has filed his claim each month for salary as judge of the superior court of Custer county, and the same has been paid in the sum of $233.33, except for the month of December, 1914; that on January 4, 1915 relator filed his claim for $233.33 for salary as superior judge for the month of December, 1914, which claim was duly presented to the board of county commissioners and was disallowed and rejected, and the defendants refused to order the said sum paid said plaintiff.

The cause was tried upon an agreed statement of facts substantially as above, and the trial court, after due consideration, ordered a peremptory writ of mandamus to be issued, as prayed for. We think the writ was properly issued. Section 11, c. 14, art. 7, Session Laws 1909, the general law creating the superior courts, provides:

"The judge of every such court shall be paid the same salary as the judge of the county court of his county received at the passage of this act, and in the same manner."

Custer county did not come within the purview of the general law creating superior courts and was, therefore, unaffected by it. Subsequently chapter 47, Session Laws 1910, was passed, creating the superior court for Custer county, to sit at Clinton, and section 7 of said act provides:

"The judge of such court shall be paid the same salary as the judge of the county court of Custer county at the passage of this act and in the same manner."

Subsequently, and at the same session, chapter 69, Session Laws 1910, known as the "General Fee and Salary Bill," was passed, section 28 of which provides:

"The judge of the superior court of each county shall receive as full compensation the following salary: In counties having a population of not to exceed 50,000, the sum of $2,800 per annum; and in counties in excess of 50,-000 population, the sum of $3,000 per annum."

It seems that these last acts were approved by the Governor in the order of their passage. The contention of counsel for plaintiff in error is:

"That Custer county had neither the required population nor a city of required size to come within the law creating superior courts in general in this state; and the act of 1910, which created the superior court of Custer county, was a special act and, as we contend, did not in any sense come within the general law creating the superior courts of the state or fixing the salaries of the judges thereof."

The question, whether the act creating the superior court for Custer county is special legislation, was decided adversely to the contention of counsel in *Leatherock et al. v. Lawter et al.*, 45 Okla. 715, 147 Pac. 324, wherein it was held that the superior court of Custer county was part and parcel of the general plan for the creation of superior courts throughout the state, and the act creating it, therefore, was general in its nature, as it affected the people as a whole throughout the state. . If this is sound, it is difficult to understand why section 28 of the General Fee and Salary Bill, which admittedly fixed the salary of the other superior judges in this state, should not also fix the salary of the superior judge of Custer county. Custer county is a county having a population not to exceed 50,000, and no good reason occurs to us—and none has been advanced by counsel for plaintiff in error—why the judge of that court should not receive the same salary as the judges of the superior courts in all other counties of the state having the same population. Counsel for plaintiff in error states that the rule, that statutes   *   *   *   *in pari materia* should

be construed together, applies with peculiar force to statutes passed at the same session of the Legislature. But this is not a provision of substantive law, but merely a rule for determining the legislative intent. As it is quite apparent from a consideration of the language of the various acts involved that the Legislature designed the general fee and salary bill to cover the whole subject-matter to which it relates, and to embrace the entire law on the subject of fees and salaries, there is no reason for resorting to the rule invoked, or any other canon of construction.

For the reason stated, the judgment of the court is affirmed.

All the Justices concur.